**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**DENNIS G. WILLIAMS,**

      **Plaintiffs,**

**vs.**              **Case No.  3:08-cv-357-J-34JRK**

**NATIONAL NOTARY ASSOCIATION-**
**FLORIDA and DONNA FORBES,**
**NOTARY PUBLIC**

      **Defendants.**

_____/

## ORDER

  This case is before the Court on the Report and Recommendation (Doc. No. 10; Report) of the Honorable James R. Klindt, United States Magistrate Judge, entered on

November 4, 2008.  In the Report, Magistrate Judge Klindt recommends that the Court deny Plaintiff's Motion to Proceed In Forma Pauperis and Declaration in Support (Doc. No. 2; Motion), and dismiss his Amended Complaint (Doc. No. 8; Amended Complaint) for failure to state a claim upon which relief may be granted.  See Report at 11-12.  Plaintiff failed to file objections to the Report and the time to do so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

An individual may be allowed to proceed in forma pauperis if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the Complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the Complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

In the Report, Magistrate Judge Klindt recommends that the Court deny the Motion and dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.  See Report at 11-12.  Because the language of § 1915(e)(2)(B) regarding denying a motion to proceed in forma pauperis for failure to state a claim mirrors the language of Federal Rule of Civil Procedure 12(b)(6) (Rule(s)) regarding dismissing a case for failure to state a claim, courts apply the same standards in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).[1]

Plaintiff filed suit under 42 U.S.C. § 1983.  See Report at 2.  After screening Plaintiff's initial Civil Rights Complaint (Doc. No. 1; Complaint) pursuant to 28 U.S.C. § 1915, Magistrate Judge Klindt identified several deficiencies in Plaintiff's Complaint and entered an Order advising Plaintiff of these deficiencies and providing him the opportunity to amend the Complaint to cure them.  See Report at 4.  Thereafter, Plaintiff filed an Amended Complaint, which Magistrate Judge Klindt again screened, see Report at 4, before recommending denial of Plaintiff's Motion and dismissal of his Amended Complaint.

To state a claim for the denial of procedural due process under § 1983, a plaintiff must allege: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).  Magistrate Judge Klindt found that Plaintiff failed to adequately allege the final two elements.  Report at 11-12.  Upon independent review, and for the reasons stated by Magistrate Judge Klindt in the Report, the Court determines that Plaintiff

---

[1] After the Report was submitted, the United States Supreme Court clarified the standard for reviewing a motion to dismiss under Rule 12(b)(6). See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In its independent review of the Report's legal conclusions, the Court has applied the framework articulated in Iqbal.

has failed to properly allege constitutionally-inadequate process.[2] See Report at 5-7, 11-12. Accordingly, the Court will adopt Magistrate Judge's Report to this extent, deny Plaintiff's Motion, and dismiss Plaintiff's Amended Complaint.

In light of the foregoing, it is hereby **ORDERED**:

1. To the extent stated herein, the Report and Recommendation (Doc. No. 10) is **ADOPTED**.

2. Plaintiff's Motion to Proceed In Forma Pauperis and Declaration in Support (Doc. No. 2) is **DENIED**.

3. Plaintiff's Amended Complaint (Doc. No. 8) is **DISMISSED**.

4. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2010.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc9

Copies furnished to:

Counsel of Record
Pro Se Party, if any

---

[2] In light of the this determination, the Court need not address the magistrate judge's alternative conclusion that Plaintiff failed to adequately allege state action.